NO. 07-05-0261-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 29, 2005

_____

RAMIRO RUIZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF COUNTY;

NO. CR-04K-157; HONORABLE ROLAND SAUL, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant, Ramiro Ruiz, Jr., appeals from his conviction for Felony Evading Detention, enhanced. Sentence was imposed on June 6, 2005. We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate

Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.

Here, the record reflects that the trial court imposed sentence on appellant on June 6, 2005. Since no motion for new trial was filed, appellant's notice of appeal was due July 6, 2005. The notice of appeal was filed July 18, 2005. No motion for extension of time was filed. Tex. R. App. P. 26.3. On July 25, 2005, this court notified the parties that the notice of appeal in this matter appears to have been filed untimely. The court directed counsel to file any documents or matters considered necessary for the court to determine its appellate jurisdiction on or before August 15, 2005. This court has received nothing from the parties. Appellant's failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over his appeal. *Slaton*, 981 S.W.2d at 210.

Consequently, the appeal is dismissed for want of jurisdiction.


James T. Campbell
Justice

Do not publish.